**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2706-22

IN THE MATTER OF THE
APPEAL OF THE DENIAL
OF LOUIS J. LUCZU
APPLICATION FOR FIREARMS
PURCHASER ID CARD AND/OR
HANDGUN PURCHASE PERMIT.

_____

Argued January 8, 2024 – Decided July 17, 2024

Before Judges DeAlmeida and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. GPA-0014-22.

Allan Marain argued the cause for appellant Louis J. Luczu.

Nancy Hulett, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Nancy Hulett, of counsel and on the brief).

PER CURIAM

Louis J. Luczu appeals from the trial court's order dated April 11, 2023,

affirming the denial of his application for a Firearms Purchaser ID Card (FPIC)

and Handgun Purchase Permit (HPP, together with the FPIC "the application"). Luczu claims the trial court erred because: (1) he presented "satisfactory proof" within the meaning of N.J.S.A. 2C:58-3(c)(3) to show his alcoholism is not a disqualifying disability; (2) he does not meet the definition of an alcoholic as defined in subsection (c)(3); and (3) denial of his application violated his Second Amendment right as expressed in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). Having reviewed his arguments in light of applicable legal principles, we affirm.

## I.

On February 4, 2022, Luczu applied for an initial FPIC and a HPP with the East Brunswick Police Department. On his application, Luczu answered "yes" when asked if he was an alcoholic. There is also a handwritten "yes" and a typed "no" next to the following question which asked: "[h]ave you ever been confined or committed to a mental institution or hospital for treatment or observation of a mental or psychiatric condition on a temporary, interim, or permanent basis?" As part of standard procedure, Luczu was subjected to various background checks into his criminal, domestic-violence, and motor vehicle history.

A-2706-22

The background checks revealed three investigation reports, all from an eight-day period in 1992. The first report documented a domestic incident that September involving terroristic threats. The second incident occurred two days later and was "another type of domestic violence harassment issue," which violated an existing restraining order. The third report documented a violation of a restraining order and occurred one week after the second incident. Of particular note to the Department were Luczu's suicidal threats and heavy drinking, which indicated he "would take action upon himself or others" if he drank heavily. This demonstrated to the Department that Luczu should not have a weapon because he posed a risk to the public health, safety and welfare. The Department denied Luczu's application pursuant to N.J.S.A. 2C:58-3(c)(5), finding issuance of the permit would be contrary to public health, safety and welfare. Luczu appealed to the Law Division.

On March 23, 2023, the trial court heard Luczu's appeal of the Department's denial of his application. Detective Julia Lancos testified on behalf of the Department.

Lancos stated, as part of the application process, Luczu needed to answer a series of questions, one of which inquired into whether he was an alcoholic. Because appellant answered in the affirmative, it was a factor the Department

3

considered in reviewing his application.  Lancos testified as to the three investigation reports discovered during appellant's background check.  Lancos noted the first report stated Luczu's then-girlfriend called the police because he was drinking, acting violently, and discussing suicide.  He was taken to South Amboy Hospital and while there, he called his girlfriend and told her "she would pay for what she did to him[,] and he would make sure she rots in hell."  The second report described how Luczu knocked on the door of his girlfriend's house, in violation of a restraining order.  The third report detailed how Luczu sent a dozen roses to the victim a week after he violated the restraints.

These incidents – involving heavy drinking, suicidal threats, and a stay at a mental health facility – formed the basis of the denial of the application as it relates to public health, safety and welfare.  This concern was bolstered by Luczu's admission he was an alcoholic.

Luczu testified on his own behalf.  He stated he went to a clinic in 1992 but has been sober for thirty-one years.  Luczu joined and is still a member of Alcoholics Anonymous (AA).  He testified he has a sponsor with whom he communicates once a month, although he admitted this was "not enough."  Luczu testified he was unaware of any restraining orders entered against him.  When asked if he was subject to a no-contact order rather than a restraining

4

order, he was equally uncertain. Despite his uncertainty, Luczu did not dispute the reports' accuracy.

On cross-examination, Luczu acknowledged alcoholism was a lifelong disease that could not be cured but only controlled. He also testified he responded honestly when he described himself as an alcoholic on his application.

At the conclusion of testimony, the court found Luczu did not contest the truthfulness of the investigative reports uncovered during his background check. It expressed concern that he did not recall the restraining order. It further found Luczu truthfully testified about his alcoholism and that, despite thirty-one years of sobriety, he acknowledged alcoholism was "a disease that will remain with him for the rest of his life." With that in mind, the court relied upon N.J.S.A. 2C:58-3(c)(3) as it existed at that time, which precluded issuance of a gun permit to an alcoholic unless that person produces a certificate from a medical doctor, treatment provider, or psychiatrist licensed in New Jersey, or other satisfactory proof, that he is no longer suffering from that particular disability in a manner that would interfere with or handicap that person in the handling of firearms.

Based on N.J.S.A. 2C:58-3(c)(3), the trial court found appellant had failed to demonstrate or present evidence he no longer suffered from alcoholism, and

A-2706-22

although it appears he has been successful in recovery, the statute was clear that alcoholism is a disqualifier. The Law Division denied Luczu's appeal. This appeal followed.

## II.

N.J.S.A. 2C:58-3(d) grants the "chief police officer of an organized full-time police department of the municipality where the applicant resides" authority to issue a FPIC or HPP to any applicant deemed qualified after an informal investigation. In re M.U.'s Appeal of Denial of Application, 475 N.J. Super. 148, 172 (App. Div. 2023). A denied application may be appealed to the Superior Court, subject to a de novo hearing. Ibid. "Before the Law Division, '[t]he Chief has the burden of proving the existence of good cause for the denial by a preponderance of the evidence.'" Ibid. (alteration in original) (quoting In re Osworth, 365 N.J. Super. 72, 77 (App. Div. 2003)).

The Law Division applies a fact-sensitive analysis, and "should accept relevant testimonial and documentary evidence, including from the appellant and the police." Id. at 173. Hearsay may be considered and is admissible "if it is 'of a credible character— of the type which responsible persons are accustomed to rely upon in the conduct of their serious affairs.'" Ibid. (quoting

A-2706-22

Weston v. State, 60 N.J. 36, 51 (1972)).  Such evidence, however, is insufficient on its own to support the court's decision.  Ibid.

Our review of the trial court's denial of an application for a FPIC or HPP is limited.  Id. at 171.  We defer "to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions."  Ibid. (quoting Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015)).  Legal interpretations and the consequences thereof are subject to de novo review.  Ibid. (quoting Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019)).

Initially we note, although Luczu focuses his arguments on the current definition of alcoholism in the statute, his application was initially denied on the basis of the Department's public health, safety and welfare concern, pursuant to N.J.S.A. 2C:58-3(c)(5), not N.J.S.A. 2C:58-3(c)(3).  And, although the trial court found Luczu disqualified on the basis of N.J.S.A. 2C:58-3(c)(3), it correctly applied the language of the statute existing at that time.  We recently observed that the Legislature amended N.J.S.A. 2C:58-3 twice:  the first amendment took effect on July 5, 2022, and the second amendment became effective on December 22, 2022.  Id. at 194-195.  The December 2022 amendment "substantially changed the introductory paragraph" to section 2C:58-3 and to section 3(c)(5) of the statute.  Id. at 195.  However, as we

7

concluded in M.U., "[t]he law favors prospective application" of laws. Ibid.

(quoting James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 556 (2014)). Applications

submitted before the effective date of the amendments to the statute are

evaluated using the prior version of the statute then in effect. Ibid. Thus, for

purposes of reviewing Luczu's appeal before this court, the prior version of

N.J.S.A. 2C:58-3 (repealed by L. 2022, c. 131, §2, effective December 22, 2022)

controls. This issue is critical because Luczu relies upon the current version of

N.J.S.A. 2C:58-3 to dispute the trial court's ruling.

### III.

Luczu argues: (1) pursuant to N.J.S.A. 2C:58-3(c)(3), his thirty-one years

of sobriety constitute "other satisfactory proof" he is no longer suffering from a

disqualifying disability which would preclude him from obtaining a FPIC or

HPP; (2) he does not meet the definition of an alcoholic as currently defined in

N.J.S.A. 2C:58-3(c)(3); and (3) denial of his application violates his Second

Amendment right to bear arms pursuant to Bruen.

Luczu asserts there is no case law expounding upon what constitutes

"other satisfactory proof" as used in N.J.S.A. 2C:58-3(c)(3). However, Luczu

did not produce evidence of consistent compliance with AA, such as sign-in

sheets or testimony from his sponsor. He also stated he speaks with his sponsor

A-2706-22

only once a month, which he admitted is not enough. It is undisputed Luczu failed to produce a certificate from a medical doctor or a psychiatrist. Thus, there is sufficient, credible evidence in the record that Luczu, having admitted to a statutory disqualifier, did not present sufficient "other satisfactory proof" he was no longer suffering from the disability.

Luczu also argues he does not meet the definition of an alcoholic pursuant to N.J.S.A. 2C:58-3(c)(3) and thus his application cannot be denied on that basis. He directs us to the statutory definition of a "person with an alcohol use disorder," codified at N.J.S.A. 26:2B-8 and incorporated in N.J.S.A. 2C:58-3(c)(3), which is

> any person who chronically, habitually, or periodically consumes alcoholic beverages to the extent that: a. such use substantially injures the person's health or substantially interferes with the person's social or economic functioning in the community on a continuing basis, or b. the person has lost the power of self-control with respect to the use of such beverages.
>
> [N.J.S.A. 26:2B-8.]

Based upon that definition, he maintains he does not qualify as an alcoholic and, hence, cannot be denied a FPIC or HPP pursuant to N.J.S.A. 2C:58-3(c)(3). Rather, he contends he is only an alcoholic "for AA purposes," because AA

A-2706-22

requires him to admit to being an alcoholic. According to Luczu, "what he considers himself does not override" the statutory definition.

Although the Legislature amended N.J.S.A. 2C:58-3 several times, the substance of the law as it pertains to this appeal has not changed. The most recent alteration "replace[d] statutory terms regarding alcohol and substance use, alcoholism, addiction, drug addict, and similar terms with the terms 'substance use disorder' and 'person with substance use disorder.'" S. Health, Human Servs. & Senior Citizens Comm. Statement to A. 5096 (June 15, 2023). Even applying this most recent version, Luczu is still prohibited from obtaining a FPIC or HPP unless he "produces a certificate of a medical doctor, treatment provider, or psychiatrist licensed in New Jersey, or other satisfactory proof," that his alcoholism would not interfere with or handicap his ability to handle firearms. N.J.S.A. 2C:58-3(c)(3). Luczu did not do this. The investigative reports detailed not only a history of alcoholism, but mental health treatment and suicidal ideation. Therefore, the trial court did not err in denying the requested credentials, given that Luczu did not present adequate medical evidence he no longer posed a threat to public health, safety and welfare.

Secondly, Luczu attempts to minimize his own admission of being an alcoholic by relying upon arguments and evidence not considered by the trial

10

court. He did not testify he considered himself an alcoholic solely for AA purposes, and did not testify his understanding of the term was predicated solely on AA's prerequisites.[1]

Simply because Luczu has maintained three decades of sobriety does not mean he could not be disqualified by N.J.S.A. 2C:58-3 after having admitted to a life-long, uncurable condition. Because he did not submit sufficient proof he no longer suffered from the condition to the extent public health, safety and welfare were impacted, we discern no error in the trial court's denial of the FPIC and HPP to him.

With respect to Bruen, we "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Berardo v. City of Jersey City, 476 N.J. Super. 341, 354 (App. Div. 2023) (internal quotation marks omitted) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Constitutional issues are not immune from this principle. State v. Garcia, 210

---

[1] We do not consider the AA Frequently Asked Questions and Certificate of Eligibility to transfer ownership of a rifle or shotgun documents included in his appendix because it was not part of the record before the trial court. Bd. of Educ. of Clifton v. Zoning Bd. of Adjustment of Clifton, 409 N.J. Super. 389, 443 (App. Div. 2009).

A-2706-22

N.J. 364, 383 (2012). Luczu failed to challenge the constitutionality of either N.J.S.A. 2C:58-3(c)(3) or (5) before the trial court and we decline to address it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-2706-22